UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/2021
```

MARK P. MURPHY,

                              Plaintiff,

              -against-

CHRISTOPHER ROEMER,

                              Defendant.

21-CV-0554 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently detained in the custody of the Westchester County Department of
Correction, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his
constitutional rights. Plaintiff asserts claims in connection with his October 2018 search and
arrest in the City of Yonkers. By order dated January 22, 2021, the Court granted Plaintiff's
request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled
to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d.
119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue
and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the
Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the
summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is
proceeding IFP and could not have served the summons and complaint until the Court reviewed

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Christopher Roemer through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete the USM-285 form with the address for Defendant Christopher Roemer and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 4, 2021
           White Plains, New York

                                         NELSON S. ROMÁN
                                   United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Christopher Roemer
        City of Yonkers Police Department
        104 South Broadway
        Yonkers, NY 10701